In
The

                                                Court
of Appeals

                        Sixth
Appellate District of Texas at Texarkana

 

                                                ______________________________

 

                                                             No. 06-10-00181-CR

                                                ______________________________

 

 

                                 DONALD WAYNE SPICER,
Appellant

 

                                                                V.

 

                                     THE STATE OF TEXAS, Appellee

 

 

                                                                                                  


 

 

                                       On Appeal from the 159th
Judicial District Court

                                                           Angelina County, Texas

                                                            Trial
Court No. 21,024

 

                                                      
                                            

 

 

 

                                          Before Morriss, C.J.,
Carter and Moseley, JJ.

                                        Memorandum Opinion by Chief Justice Morriss








                                                     MEMORANDUM 
OPINION

 

            Donald
Wayne Spicer, Jr., was originally placed on deferred adjudication community supervision
in Angelina County[1]
in connection with the alleged offense of aggravated sexual assault of a child
in 1999.  See Tex. Penal Code Ann.
§ 22.021 (Vernon Supp. 2010).  In 2007,
Spicer was adjudicated guilty of the offense, but again placed on community
supervision.

            Now,
in this proceeding, Spicer’s community supervision has been revoked, not based
on any contention that he has committed any further offense, but for viewing
pornography, cleaning the hard drive on his computer, having incidental contact
with children under age seventeen, failing to pay six months of supervision
fees, failing to be employed, and failing to attend counseling one month.  After Spicer pled “true” to the allegations,
the trial court found the allegations true and sentenced Spicer to ten years’
incarceration.  Spicer appeals that
revocation.

            Spicer’s
attorney on appeal[2]
has filed a brief which discusses the record and reviews the proceedings in
detail.  He has set up several potential
arguments and explained in detail why each fails to show a reversible error.  Counsel has thus provided a professional
evaluation of the record demonstrating why, in effect, there are no arguable
grounds to be advanced.  This meets the
requirements of Anders v. California,
386 U.S. 738 (1967); Stafford v. State,
813 S.W.2d 503 (Tex. Crim. App. 1981); and High
v. State, 573 S.W.2d 807 (Tex. Crim. App. [Panel Op.] 1978).

            Counsel
mailed a copy of the brief to Spicer January 8, 2011, informing Spicer of his
right to file a pro se response and to review the record.  Counsel has also filed a motion with this
Court seeking to withdraw as counsel in this appeal.  Spicer has neither filed a pro se
response, nor has he requested an extension of time in which to file such
response.

            We
have determined that this appeal is wholly frivolous.  We have independently reviewed the clerk’s
record and the reporter’s record, and we agree that no arguable issues support
an appeal.  See Bledsoe v. State, 178 S.W.3d 824, 826–27 (Tex. Crim. App.
2005).

            In
a frivolous appeal situation, we are to determine whether the appeal is without
merit and is frivolous, and if so, the appeal must be dismissed or
affirmed.  See Anders, 386 U.S. 738.   We
affirm the judgment of the trial court.[3]

 

 

                                                                        Josh
R. Morriss, III

                                                                        Chief
Justice

 

Date Submitted:          March
21, 2011

Date Decided:             March
22, 2011

 

Do Not Publish











[1]Originally
appealed to the Twelfth Court of Appeals, this case was transferred to this
Court by the Texas Supreme Court pursuant to its docket equalization
efforts.  See Tex. Gov’t Code Ann.
§ 73.001 (Vernon 2005).  We are unaware
of any conflict between precedent of the Twelfth Court of Appeals and that of
this Court on any relevant issue.  See Tex.
R. App. P. 41.3.

 





[2]In
this proceeding, Spicer was represented by different appointed counsel at trial
and on appeal.





[3]Since
we agree this case presents no reversible error, we also, in accordance with Anders, grant counsel’s request to
withdraw from further representation of appellant in this case.  No substitute counsel will be appointed.  Should appellant wish to seek further review
of this case by the Texas Court of Criminal Appeals, appellant must either
retain an attorney to file a petition for discretionary review or appellant must
file a pro se petition for discretionary review.  Any petition for discretionary review must be
filed within thirty days from the date of either this opinion or the last
timely motion for rehearing that was overruled by this Court.  See
Tex. R. App. P. 68.2.  Any petition for discretionary review must be
filed with this Court, after which it will be forwarded to the Texas Court of
Criminal Appeals along with the rest of the filings in this case.  See
Tex. R. App. P. 68.3.  Any petition for discretionary review should
comply with the requirements of Rule 68.4 of the Texas Rules of Appellate
Procedure.  See Tex. R. App. P.
68.4.